MICHELLE R. GHIDOTTI-GONSALVES, ESQ. (232837)
Jennifer R. Bergh, Esq., (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave., Ste. 206
Anaheim Hills, CA 92807
Telephone: (949) 354-2601
Facsimile No.: (949) 200-4381
Email: mghidotti@ghidottilaw.com

Attorneys for Creditor
U.S. Bank Trust National Association, as Trustee
of the IGSC Series II Trust, its successors and
assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 17-52509 |
| Peter Anthony McCoy, dba Peter McCoy Consultant, | Chapter 13 |
| Debtor. | OBJECTION TO CONFIRMATION OF DEBTORS' PLAN |
| | Plan Confirmation Hearing |
| | DATE: December 14, 2017 |
| | TIME: 9:55 a.m. |
| | CTRM: 3099 |
| | PLACE: U.S. Bankruptcy Court |
| | 280 South First Street |
| | San Jose, CA 95113-3099 |
| | Property: 260 Baltusrol Dr., Aptos, CA 95003 |
| | Honorable Stephen L. Johnson |

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DEVIN DERHAM-BURK:

U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust ("**Creditor**"), a secured creditor of Peter A. McCoy (the "**Debtor**"), hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a first position deed of trust on the Debtor's real property commonly described as 260 Baltusrol Dr., Aptos, CA 95003 (the "**Property**").

## I

## STATEMENT OF FACTS

1. On or about November 30, 2016, Debtor made, executed, and delivered an InterestFirst Adjustable Rate Note, in the principal amount of $895,280.00 to CitiMortgage, Inc. (the "**Note**").

2. The Note is secured by a Deed of Trust recorded on May 12, 2004 in the Official Records of Boward County, Florida, as Instrument No. 103985288, which encumbers the Property (the "**Deed of Trust**").

3. Thereafter all beneficial interest in the Deed of Trust was assigned by Assignment of Deed of Trust from CitiMortgage Inc., to Verdugo Trustee Service Corporation, recorded in the Official Records of Santa Cruz County, California, on June 5, 2008 as Document No. 2008-0024346 (the "**First Assignment**").

4. Thereafter all beneficial interest in the Deed of Trust was assigned by Assignment of Deed of Trust from Verdugo Trustee Service Corporation to U.S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-7, recorded in the

Official Records of Santa Cruz County, California, as Document No.: 2012-0043649 on September 11, 2012 (the "**Second Assignment**").

5. Thereafter all beneficial interest in the Deed of Trust was assigned by Assignment of Deed of Trust from U.S. Bank National Association, as Trustee for Stanwich Mortgage Loan Turst, Series 2012-7, to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not in its Individual Capacity, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, recorded in the Official Records of Santa Cruz County, California, as Document No.: 2016-0010484 on March 28, 2016 (the "**Third Assignment**").

6. Thereafter all beneficial interest in the Deed of Trust was assigned by Assignment of Deed of Trust from Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not in its Individual Capacity, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 to Normandy Mortgage Acquisition Company, LLC, recorded in the Official Records of Santa Cruz County, as Document No.: 2017-0020499 (the "**Fourth Assignment**").

7. Thereafter all beneficial interest in the Deed of Trust were assigned by Assignment of Deed of Trust from Normany Mortgage Acquisition Company, LLC, to U.S. Bank National Association, as Trustee of the IGSC Series II Trust ("**Creditor**"), recorded in the Official Records of Santa Cruz County, as Document No.: 2017-0020500 ( the "**Fifth Assignment**").

8. Creditor holds all rights, title, and interests in the Note and Deed of Trust.

9. As of October 16, 2017, the date Debtor filed his Petition, the arrears owed to Creditor totaled no less than $143,299.49, which is reflected on Creditor's Proof of Claim.

10. Debtor's Plan does not provide for cure of Creditor's pre-petition arrears in any amount.

11. Debtor's Plan provides for payment of the ongoing monthly post-petition mortgage payments to Creditor in any amount. The current monthly mortgage payment is $2,995.63.

12. Debtor's Plan provides for the sale of Debtor's Property within eighteen (18) months of filing the Instant Petition.

13. On October 16, 2017, Debtor filed a Motion to Extend the Automatic Stay and on

3

November 14, 2017, an Order was entered on Debtor's Motion to Extend Stay (the "**Order**").

14. The Order provided that the Debtor shall tender each monthly payment coming Due and that the Debtor shall confirm a Plan by April 19, 2018.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtor's Plan does not fully provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than $143,299.49, which is reflected on Creditor's Proof of Claim. Debtor's Plan does not provide for payment of Creditor's post-petition monthly mortgage payments. Accordingly, Debtor will be required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor and Creditor's post-petition monthly mortgage payment. Therefore, Debtor's Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $143,299.49. In order to cure the Creditor's pre-petition arrears in sixty-months (60) months as proposed, Debtor's monthly plan payment to Creditor must total no less than $2,388.32. Debtor's Plan does not provide for a monthly Plan Payment to Creditor in any amount. Thus, Debtor's Plan does not provide for Prompt cure of Creditor's arrears. Debtor's Plan provide that he will not make a payment towards the cure of Creditor's arrears until a loan modification is approved. Debtor is not in the

process of a loan modification. Thus, Debtor must revise his Plan to provide for Creditor's arrears.

C. **DEBTOR'S PLAN IS SPECULATIVE AND PREJUDICIAL:**

Debtor's proposed plan is merely speculative and Debtor asserts that he intends to either sell or refinance the Property. Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. *See* In Re Gavia (9th Cir. BAP 1982) 24 BR 573,574; In Re Nantz (BC ED MO 1987) 75 BR 617, 618-619; In Re Fantasia (1st Cir. BAP 1997) 211 BR 420,424; In Re Craig (BC ND OH 1990) 112 BR 224,225.

Debtor has provided himself eighteen (18) months to sell or refinance the Property. At the time of sale or refinance Debtor's default will be even greater than it is now. Secured Creditor will have incurred another eighteen months of taxes and insurance expenses without reimbursement. Debtor is due for the March 1, 2014 monthly mortgage payment through the October 1, 2017 monthly mortgage payment for a total default in the amount of $143,299.49. Debtor has not listed the Property for sale. Debtor has not retained a real estate agent. Debtor has also not begun the process to refinance the Property. Debtor merely states he will sell or refinance the Property within 18 months. This time period is prejudicial and Debtor has not demonstrated any steps towards a sale or refinance.

D. **DEBTOR'S PLAN IS NOT FEASIBLE**

Debtor's Plan is not feasible because the Debtor's monthly income does not support the required Plan payment. Pursuant to Debtor's Schedules, Debtor has a monthly net income of

$102.37. Furthermore, Debtor's Schedule J provides for the payment of Creditor's monthly mortgage payment in the amount of $2,995.63. Debtor's post-petition monthly mortgage payment is actually $3,201.06 per month. Therefore, Debtor actually has a monthly deficit of $103.06 per month. Debtor does not have the ability to fund a feasible plan of reorganization.

E.  **DEBTOR'S PLAN WAS NOT FILED IN GOOD FAITH**:

11 U.S.C. *Section* 1325(a)(3) is a mandatory provision, and provides that the court shall only confirm a plan that was proposed in good faith. Bad faith within the Chapter 13 context is measured by the totality of circumstances. In re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999); see also In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994). The absence of sufficient income to fund a feasible plan strongly suggests bad faith In re Kollar, 356 B.R. 657 (Bankr. M.D. Fla. 2006); In re Nealen, 407 B.R. 194,201 (Bankr. W.D. Penn. 2009). Thus, the Plan should not be confirmed.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

a. The Plan be denied confirmation and the case be dismissed.

DATED:  November 27, 2017             THE LAW OFFICES OF MICHELLE GHIDOTTI

                                      By: /s/ Michelle Ghidotti-Gonsalves, Esq.
                                          Michelle Ghidotti-Gonsalves, Esq.
                                          U.S. Bank Trust National Association, as
                                          Trustee of the IGSC Series II Trust

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. LaPalma Ave., Suite 206
Anaheim, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorney for Creditor
U.S. Bank Trust National Association, as Trustee of the
IGSC Series II Trust, its Successors and Assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 17-52509 |
| Peter Anthony McCoy, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 5120 E. LaPalma Ave., Ste. 206, Anaheim, CA 92807.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1

CERTIFICATE OF SERVICE

On November 27, 2017 I served the following documents described as:

- **OBJECTION TO CONFIRMATION OF DEBTORS' PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Peter Anthony McCoy<br>260 Balustrol Dr.<br>Aptos, CA 95003<br><br>**Debtor's Counsel**<br>Aaron Lipton<br>The Law Offices of Aaron Lipton<br>7960 B Soquel Dr. #156<br>Aptos, CA 95003 | **Chapter 13 Trustee**<br>Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, CA 95150-0013<br><br>**U.S. Trustee**<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004<br><br>**Judge**<br>Honorable Stephen L. Johnson<br>United States Courthouse, Room 3035<br>280 South First Street<br>San Jose, CA 95113-3099 |
|---|---|

__xx____(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on November 27, 2017 at Anaheim, California

/*s / Jeremy Romero*
Jeremy Romero

2

CERTIFICATE OF SERVICE